FILED
SEP 14 2005
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ACTION MOTIVATION, INC., a California corporation,

Plaintiff,

v.

CHAD AMMON, an individual;

Defendant.

Case No. C 05 3614 MHP

[PROPOSED] ORDER GRANTING *EX PARTE* APPLICATION OF PLAINTIFF ACTION MOTIVATION, INC. FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

[Proposed] Order Granting TRO and OSC; Case No. C 05 3614 MHP

## FINDINGS

Plaintiff Action Motivation, Inc. ("AMI"), having moved *ex parte* for a temporary restraining order and order to show cause for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65; the Computer Fraud and Abuse Act (18 U.S.C. § 1030, *et seq.*); and the Uniform Trade Secrets Act (Cal. Civ. Code, § 3426, *et seq.*), for the reason that Defendant Chad Ammon has misappropriated AMI's confidential trade secrets, and the Court having reviewed the Complaint, memorandum of points and authorities, declarations and exhibits submitted therewith, the Court finds that there is good cause appearing to issue a temporary restraining order and findings as follows:

1. The Court requested the Parties agree to an order preserving the status quo until a hearing on the preliminary injunction can be held. The parties agreed on the language in the section of the order entitled "Temporary Restraining Order" without defendant or adverse party waiving its rights to damages should it be determined that the Temporary Restraining Order was improvidently granted.

2. Since the Temporary Restraining Order was entered pursuant to agreement of the parties, the Court did not have to reach the foundational evidentiary issues raised in Plaintiff's motion and therefore no findings in this respect are made.

## I. ORDER TO SHOW CAUSE

**THEREFORE, IT IS HEREBY ORDERED** that on October 4, 2005, in Courtroom 15 of the above-captioned Court located at 450 Golden Gate Ave, San Francisco, California, Defendant is ORDERED TO SHOW CAUSE why a preliminary injunction should not be issued against him, and his representatives, attorneys, agents, officers, directors, employees, partners, servants, or anyone else acting on his behalf or for his benefit, pending the resolution of this action, as follows:

A. That Defendant be enjoined from using, disclosing, or reproducing any confidential, proprietary or trade secret information Defendant obtained or misappropriated from AMI, including, but not limited to, client names and contacts, supplier and vendor information,

rates and product pricing, strategic business plans and presentations, sales programs and marketing proposals and plans;

  B. That Defendant be enjoined and ordered to return to AMI all originals and all copies of all files, data, and/or information removed, downloaded, or e-mailed from AMI's computers or computer network, including, but not limited to, all information copied or downloaded by Carrie Flemer, Lisa Morelli and Scott Hord;

  C. That Defendant be enjoined, for a period of one year from entry of judgment, from conducting business with any and all clients of AMI with which he conducted business or attempted to conduct business during the time preceding his departure from AMI; and

  D. That Defendant be ordered to turn over all information regarding all accounts he worked on or enhanced while working at AMI, including but not limited to information pertaining to Cisco and Genentech.

## II. TEMPORARY RESTRAINING ORDER

**IT IS FURTHER ORDERED THAT** pending the hearing on the Order to Show Cause set forth above, Defendant and his representatives, attorneys, agents, officers, directors, employees, partners, servants, or anyone else acting on his behalf or for his benefit are **HEREBY TEMPORARILY RESTRAINED** as follows:

  A. That Defendant is enjoined from using, disclosing, or reproducing any confidential, proprietary or trade secret information Defendant obtained or misappropriated from AMI, including, but not limited to, client names and contacts, supplier and vendor information, rates and product pricing, strategic business plans and presentations, sales programs and marketing proposals and plans;

  B. That Defendant is enjoined and ordered to return to AMI all originals and all copies of all files, data, and/or information removed, downloaded, or e-mailed from AMI's computers or computer network, including, but not limited to, all information copied or downloaded by Carrie Flemer, Lisa Morelli and Scott Hord;

  C. That Defendant is ordered to make himself available to AMI and its counsel for deposition no later than September 16, 2005 and be prepared to provide the following: all files,

data, and/or information removed, downloaded, or e-mailed from AMI's computers or computer network, including, but not limited to, all information copied or downloaded by Carrier Flemer, Lisa Morelli and Scott Hord;

D. That AMI, Defendant and interested party, WebRegPro, are ordered to select an independent third party to inspect and image all computers belonging to, under the control of, accessible to, or operated by Defendant, including those owned and operated by WebRegPro, to verify the use, disclosure, printing, copying, and return of AMI information. The independent consultant will file a report to the Court of his/her findings and supply the parties with a copy. AMI will retain the independent third party, subject to the costs being shifted to Defendant upon further order of the Court. Defendant and WebRegPro are further ordered not to delete or otherwise remove files from the computers subject to inspection;

E. That Defendant is enjoined until further order of the Court, from conducting business with any and all clients of AMI, other than Event Strategy Group, with which he conducted business or attempted to conduct business while employed by AMI in August 2005; and

F. That Defendant is ordered to turn over all information regarding all accounts he worked on or enhanced while working at AMI in the August 2005 time period, including but not limited to, information pertaining to Cisco and Genentech.

**IT IS FURTHER ORDERED THAT** the Temporary Restraining Order set forth in Section II of this Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further dates as set by the Court.

**IT IS FURTHER ORDERED THAT** AMI shall be required to post a corporate surety bond by 4:00 pm on September 12, 2005 in the amount of $10,000.

**IT IS FURTHER ORDERED THAT** AMI's supplemental papers, if any, in support of the Application for an Order to Show Cause re Preliminary Injunction and Temporary Restraining Order and Order Expediting Discovery filed by AMI against Defendant, shall be filed with the Clerk of this Court and served via fax or by personal service upon the attorneys for Defendant and WebRegPro before 4:00 pm on September 23, 2005. Defendant's and

-4-
[Proposed] Order Granting TRO and OSC; Case No. C 05 3614 MHP

1  WebRegPro's papers, if any, in opposition to AMI's Application shall be filed with the Clerk of
2  this Court and served via fax or personally upon the attorneys for AMI before 4:00 p.m. on
3  September 30, 2005. There will be no reply papers submitted.

4      **IT IS FURTHER ORDERED THAT** AMI may commence discovery immediately in
5  this matter, as follows: (1) An independent consultant agreed upon by all parties is permitted,
6  immediately after service of this Order, to inspect and copy all personal computers belonging to,
7  under the control of, or operated by Defendant, and all computers maintained at WebRegPro;
8  accordingly, Defendant and WebRegPro must produce or otherwise make available, within three
9  (3) court days from selection of the consultant, all personal computers belonging to, under the
10 control of, or operated by Defendant at WebRegPro; (2) AMI may, immediately after service of
11 this Order, notice the depositions of Defendant, upon five (5) court days' notice, and may notice
12 the deposition of any non-party, including but not limited to Defendant's current supervisor at
13 WebRegPro and the IT manager at WebRegPro, pursuant to Federal Rule of Civil Procedure 45;
14 and (3) AMI may, immediately after service of this Order, propound written discovery upon
15 Defendant and any non-party requesting written responses and the production of documents
16 within five (5) court days after service of the request.

17     **IT IS FURTHER ORDERED THAT** Defendant and WebRegPro are hereby given
18 notice [*in person or by counsel or otherwise*] that failure to attend the hearing scheduled herein shall result in [*appropriate*] issuance of the
19 [*response*] requested preliminary injunction to take effect immediately upon expiration or dissolution of the
20 Temporary Restraining Order set forth in Section II of this Order, and shall otherwise extend for
21 the pendency of this litigation relief upon the same terms and conditions as comprise the
22 Temporary Restraining Order. Defendant and WebRegPro are hereby given further notice that,
23 upon service (via fax or personal) of this Order on counsel for WebRegPro, they shall be deemed
24 to have actual notice of the issuance and terms of such preliminary injunction and any act by
25 them in violation of any of the terms thereof may be considered and prosecuted as contempt of
26 this Court.

27 DATED: 9/14/05                                     _____
28                                                         DISTRICT COURT JUDGE

-5-
[Proposed] Order Granting TRO and OSC; Case No. C 05 3614 MHP