FILED

SEP 14 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTION MOTIVATION, INC., a California corporation, | Case No. C 05 3614 MHP |
| Plaintiff, | [PROPOSED] ORDER GRANTING *EX PARTE* APPLICATION OF PLAINTIFF ACTION MOTIVATION, INC. FOR A TEMPORARY RESTRAINING ORDER AND AN ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION |
| v. | |
| CHAD AMMON, an individual; | |
| Defendant. | |

[Proposed] Order Granting TRO and OSC; Case No. C 05 3614 MHP

1

## FINDINGS

2       Plaintiff Action Motivation, Inc. ("AMI"), having moved *ex parte* for a temporary

3   restraining order and order to show cause for a preliminary injunction pursuant to Federal Rule

4   of Civil Procedure 65; the Computer Fraud and Abuse Act (18 U.S.C. § 1030, *et seq.*); and the

5   Uniform Trade Secrets Act (Cal. Civ. Code, § 3426, *et seq.*), for the reason that Defendant Chad

6   Ammon has misappropriated AMI's confidential trade secrets, and the Court having reviewed

7   the Complaint, memorandum of points and authorities, declarations and exhibits submitted

8   therewith, the Court finds that there is good cause appearing to issue a temporary restraining

9   order and findings as follows:

10       1.    The Court requested the Parties agree to an order preserving the status quo until a

11   hearing on the preliminary injunction can be held.  The parties agreed on the language in the

12   section of the order entitled "Temporary Restraining Order" without defendant or adverse party

13   waiving its rights to damages should it be determined that the Temporary Restraining Order was

14   improvidently granted.

15       2.    Since the Temporary Restraining Order was entered pursuant to agreement of the

16   parties, the Court did not have to reach the foundational evidentiary issues raised in Plaintiff's

17   motion and therefore no findings in this respect are made.

18                        **I.    ORDER TO SHOW CAUSE**

19       **THEREFORE, IT IS HEREBY ORDERED** that on October 4, 2005, in Courtroom 15

20   of the above-captioned Court located at 450 Golden Gate Ave, San Francisco, California,

21   Defendant is ORDERED TO SHOW CAUSE why a preliminary injunction should not be issued

22   against him, and his representatives, attorneys, agents, officers, directors, employees, partners,

23   servants, or anyone else acting on his behalf or for his benefit, pending the resolution of this

24   action, as follows:

25       A.    That Defendant be enjoined from using, disclosing, or reproducing any

26   confidential, proprietary or trade secret information Defendant obtained or misappropriated from

27   AMI, including, but not limited to, client names and contacts, supplier and vendor information,

28

-2-
[~~Proposed~~] Order Granting TRO and OSC; Case No. C 05 3614 MHP

1    rates and product pricing, strategic business plans and presentations, sales programs and
2    marketing proposals and plans;

3        B.    That Defendant be enjoined and ordered to return to AMI all originals and all
4    copies of all files, data, and/or information removed, downloaded, or e-mailed from AMI's
5    computers or computer network, including, but not limited to, all information copied or
6    downloaded by Carrie Flemer, Lisa Morelli and Scott Hord;

7        C.    That Defendant be enjoined, for a period of one year from entry of judgment,
8    from conducting business with any and all clients of AMI with which he conducted business or
9    attempted to conduct business during the time preceding his departure from AMI; and

10       D.    That Defendant be ordered to turn over all information regarding all accounts he
11   worked on or enhanced while working at AMI, including but not limited to information
12   pertaining to Cisco and Genentech.

13           **II.**    **TEMPORARY RESTRAINING ORDER**

14       **IT IS FURTHER ORDERED THAT** pending the hearing on the Order to Show Cause
15   set forth above, Defendant and his representatives, attorneys, agents, officers, directors,
16   employees, partners, servants, or anyone else acting on his behalf or for his benefit are
17   **HEREBY TEMPORARILY RESTRAINED** as follows:

18       A.    That Defendant is enjoined from using, disclosing, or reproducing any
19   confidential, proprietary or trade secret information Defendant obtained or misappropriated from
20   AMI, including, but not limited to, client names and contacts, supplier and vendor information,
21   rates and product pricing, strategic business plans and presentations, sales programs and
22   marketing proposals and plans;

23       B.    That Defendant is enjoined and ordered to return to AMI all originals and all
24   copies of all files, data, and/or information removed, downloaded, or e-mailed from AMI's
25   computers or computer network, including, but not limited to, all information copied or
26   downloaded by Carrie Flemer, Lisa Morelli and Scott Hord;

27       C.    That Defendant is ordered to make himself available to AMI and its counsel for
28   deposition no later than September 16, 2005 and be prepared to provide the following: all files,

1   data, and/or information removed, downloaded, or e-mailed from AMI's computers or computer

2   network, including, but not limited to, all information copied or downloaded by Carrier Flemer,

3   Lisa Morelli and Scott Hord;

4          D.     That AMI, Defendant and interested party, WebRegPro, are ordered to select an

5   independent third party to inspect and image all computers belonging to, under the control of,

6   accessible to, or operated by Defendant, including those owned and operated by WebRegPro, to

7   verify the use, disclosure, printing, copying, and return of AMI information. The independent

8   consultant will file a report to the Court of his/her findings and supply the parties with a copy.

9   AMI will retain the independent third party, subject to the costs being shifted to Defendant upon

10  further order of the Court.  Defendant and WebRegPro are further ordered not to delete or

11  otherwise remove files from the computers subject to inspection;

12         E.     That Defendant is enjoined until further order of the Court, from conducting

13  business with any and all clients of AMI, other than Event Strategy Group, with which he

14  conducted business or attempted to conduct business while employed by AMI in August 2005;

15  and

16         F.     That Defendant is ordered to turn over all information regarding all accounts he

17  worked on or enhanced while working at AMI in the August 2005 time period, including but not

18  limited to, information pertaining to Cisco and Genentech.

19        **IT IS FURTHER ORDERED THAT** the Temporary Restraining Order set forth in

20  Section II of this Order shall remain in effect until the date for hearing on the Order to Show

21  Cause set forth above, or such further dates as set by the Court.

22        **IT IS FURTHER ORDERED THAT** AMI shall be required to post a corporate surety

23  bond by 4:00 pm on September 12, 2005 in the amount of $10,000.

24        **IT IS FURTHER ORDERED THAT** AMI's supplemental papers, if any, in support of

25  the Application for an Order to Show Cause re Preliminary Injunction and Temporary

26  Restraining Order and Order Expediting Discovery filed by AMI against Defendant, shall be

27  filed with the Clerk of this Court and served via fax or by personal service upon the attorneys for

28  Defendant and WebRegPro before 4:00 pm on September 23, 2005. Defendant's and

[Proposed] Order Granting TRO and OSC; Case No. C 05 3614 MHP

1   WebRegPro's papers, if any, in opposition to AMI's Application shall be filed with the Clerk of
2   this Court and served via fax or personally upon the attorneys for AMI before 4:00 p.m. on
3   September 30, 2005.  There will be no reply papers submitted.

4        **IT IS FURTHER ORDERED THAT** AMI may commence discovery immediately in
5   this matter, as follows:  (1) An independent consultant agreed upon by all parties is permitted,
6   immediately after service of this Order, to inspect and copy all personal computers belonging to,
7   under the control of, or operated by Defendant, and all computers maintained at WebRegPro;
8   accordingly, Defendant and WebRegPro must produce or otherwise make available, within three
9   (3) court days from selection of the consultant, all personal computers belonging to, under the
10  control of, or operated by Defendant at WebRegPro; (2) AMI may, immediately after service of
11  this Order, notice the depositions of Defendant, upon five (5) court days' notice, and may notice
12  the deposition of any non-party, including but not limited to Defendant's current supervisor at
13  WebRegPro and the IT manager at WebRegPro, pursuant to Federal Rule of Civil Procedure 45;
14  and (3) AMI may, immediately after service of this Order, propound written discovery upon
15  Defendant and any non-party requesting written responses and the production of documents
16  within five (5) court days after service of the request.

17       **IT IS FURTHER ORDERED THAT** Defendant and WebRegPro are hereby given
18  notice that failure to attend the hearing scheduled herein shall result in immediate issuance of the
19  requested preliminary injunction to take effect immediately upon expiration or dissolution of the
20  Temporary Restraining Order set forth in Section II of this Order, and shall otherwise extend for
21  the pendency of this litigation relief upon the same terms and conditions as comprise the
22  Temporary Restraining Order. Defendant and WebRegPro are hereby given further notice that,
23  upon service (via fax or personal) of this Order on counsel for WebRegPro, they shall be deemed
24  to have actual notice of the issuance and terms of such preliminary injunction and any act by
25  them in violation of any of the terms thereof may be considered and prosecuted as contempt of
26  this Court.

27  DATED: 9/14/05

28                                                    _____
                                                     DISTRICT COURT JUDGE

[Proposed] Order Granting TRO and OSC; Case No. C 05 3614 MHP