UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ACTION MOTIVATION, INC., a California corporation,

Plaintiff,

v.

CHAD AMMON, an individual;

Defendant.

Case No. C 05 3614 MHP

**CONFIDENTIALITY STIPULATION AND ~~[PROPOSED]~~ PROTECTIVE ORDER**

WHEREAS, on September 8, 2005, Plaintiff Action Motivation, Inc. appeared before the United States District Court for the Northern District of California on an Ex Parte Application for a Temporary Restraining Order;

WHEREAS, on or about September 14, 2005, the Court entered an Order Granting Plaintiff's Ex Parte Application for a Temporary Restraining Order as to Defendant Chad Ammon;

WHEREAS, pursuant to Paragraph C of the Order, Defendant Ammon is ordered to make himself available for deposition not later than September 16, 2005 and to be prepared to provide files, data and/or information removed, downloaded or e-mailed from AMI's computers or computer network including, but not limited to, all information copied or downloaded by Carrier Flemer, Lisa Morella and Scott Hord; and

WHEREAS, pursuant to Paragraph D of the Order, Plaintiff, Defendant Ammon and interested party WebRegPro were ordered to select an independent third party to inspect and image all computers belonging to, under the control of, accessible to, or operated by Defendant Ammon, including those owned and operated by WebRegPro, to verify the use, disclosure, printing, copying, and return of AMI information. The independent consultant will file a report to the Court of his findings and supply the parties with a copy;

IT IS HEREBY STIPULATED by the parties, in order to effectuate the inspection by the independent third party, and in order to preserve the confidentiality of all information subject to, disclosed by, or disseminated as a result of the independent third party inspection, or otherwise produced or disclosed in discovery, as follows:

1. The parties hereby retain the services of Mark Menz & Associates ("Menz") to conduct the computer inspection and imaging as the Court appointed neutral. A copy of Mr. Menz's resume is attached to this Stipulation as Exhibit A. The parties agree that the services of Menz are limited to one inspection, one image, and one copy only of each and all computers belonging to, under the control of, accessible to, or operated by Defendant, including but not limited to those owned and operated by WebRegPro. The cost of the services to conduct the

inspection and imaging processes will be borne by Plaintiff Action Motivation, Inc., subject to the costs being shifted to Defendant upon further order of the Court.

2. This Confidentiality Stipulation and Protective Order ("Order") shall govern Menz's examination of Defendant and WebRegPro's computers and all subsequent use and disclosure of images, copies and documents subject to the inspection, as well as all other evidence marked as Confidential as defined herein. Mr. Menz, having performed hundreds of forensic computer examinations, is sensitive to the privacy expectations of the parties and WebRegPro. Mr. Menz will be allowed access to all computers belonging to, under the control of, accessible to, or operated by Defendant, including but not limited to those owned and operated by WebRegPro and including those computers which are located at the home of Defendant to complete the inspection and imaging processes. Mr. Menz will conduct his inspection and imaging at a mutually agreed upon date and time, and provide the report discussed below to the Court and the parties no later than Thursday, September 22, 2005. Defendant and WebRegPro will provide the dates, times and locations for the inspection and imaging within 3 Court days from selection of the consultant. The actual examination of the image will be conducted at Mr. Menz's office. The instructions to Mr. Menz are to make one and only one copy of each computer inspected, and to secure the imaged copy until further Court order.

3. Mr. Menz will be a signatory to this agreement acknowledging his compliance. Any of his employees who conduct any of the inspection and imaging will also sign and be bound by the terms and conditions of this agreement.

4. Mr. Menz will inspect and search the images using key words and electronic mail addresses mutually agreed upon by the parties and WebRegPro and related only to the facts of this examination. Plaintiff will submit a declaration containing a confidential list of its clients, accounts and file names, including, but not limited to, prospects that Plaintiff has an ongoing relationship with and had such ongoing relationship at the time of Ammon's employment with AMI, to Menz to be used in the inspection. Menz's inspection of Defendant and WebRegPro's computers will be limited to July 2004 through September 14, 2005.

5. To the extent Menz locates information pertaining to AMI clients, accounts and file names on WebRegPro's computers, such documents/records produced from each computer shall be identified by the specific computer hard drive from which the document/record was produced. Each document produced from a specific computer hard drive shall be Bates stamped in a sequential manner for identification.

Mr. Mentz shall prepare a brief narrative report to the Court and parties as discussed above of how the computer searches were conducted, in layman's terms, so that the parties and the Court can understand how the computer search was accomplished. The report shall also identify any relevant evidence of lost data from any of the computers or any relevant evidence that the files contained within the computers were destroyed or wiped between the periods of August 8, 2005 to the date that Menz completes his inspection of the computers. The report shall also recite the chain of custody. A copy of the report shall be provided to the parties to this action, by Thursday, September 22, 2005.

6. Mr. Menz shall provide a copy of all documents obtained as a result of his inspection of Defendant and WebRegPro's computers to the Court, the attorneys of the parties to this action and attorneys to WebRegPro by Thursday, September 22, 2005. Within 6 hours of providing the documents to the attorneys for WebRegPro (during regular business hours only), they will review the documents and designate and provide the attorneys of the parties with a list of documents within the group that are proprietary to WebRegPro. After the attorneys for WebRegPro have notified the attorneys for the parties of the documents to be withheld, the attorneys can provide copies of the documents not withheld to the parties.

7. Persons that may be privy to the results of the inspection are designated and limited to:

    (a) Mr. Menz, and his employees;

    (b) WebRegPro and its attorneys;

    (c) The members of, attorneys associated with, and employees of the law firms which entered appearances in this litigation, including their respective stenographic, paralegal, clerical and other employees;

   (d)     Designated experts or assistants retained or employed by any party for the purposes of this action;

   (e)     The Court in this action, or any other court having jurisdiction over discovery procedures in the action; any appellate court having jurisdiction over any appeal in this action; any court reporter or typist recording or transcribing testimony in this action; and any outside, independent reproduction firm;

   (f)     Deposition notaries and their staff; or

   (g)     Other persons who may be specifically designated by written consent of all attorneys of record or pursuant to Court order.

   The parties further hereby stipulate to the following protective order:

   Good cause appearing therefore, the Court shall enter a Protective Order as follows:

   1.     The Protective Order shall apply to all items and forms of testimony, filing, discovery and the Third Party Inspection in this civil action which are designated "CONFIDENTIAL" as set forth below, including but not limited to documents produced (other than documents already in the public domain), answers to interrogatories, responses to requests for admissions and deposition testimony, and information used, disclosed or disseminated as a result of the independent third party inspection submitted by or obtained from Plaintiff and/or its employees, owners and/or agents, from Defendant, from WebRegPro or Mr. Menz.

   2.     The term "DOCUMENT" includes writings, prints, magnetic images, computer data, exhibits, answers to interrogatories, responses to requests for admissions, and deposition transcripts produced or created unilaterally, or by request of any party to this action.

   3.     A DOCUMENT may be designated as CONFIDENTIAL if it contains or comprises:

   a.     a trade secret;

   b.     financial information; or

   c.     proprietary or confidential information of any kind.

   4.     Neither DOCUMENTS nor the information contained therein (hereinafter "CONFIDENTIAL MATERIAL") are CONFIDENTIAL to the extent said DOCUMENTS and information: (1) were in the lawful possession of the other party prior to disclosure; or (2) has

been made public or is available from other sources.

5. No CONFIDENTIAL MATERIAL shall be disclosed to any person or entity except as herein provided.

6. DOCUMENTS shall be designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as CONFIDENTIAL, unless otherwise indicated by the producing party.

7. TESTIMONY taken at deposition, conference, hearing or trial may be designated as CONFIDENTIAL by making a statement to that effect on the record at the deposition or other proceeding.

8. DOCUMENTS designated as CONFIDENTIAL MATERIAL under this Order, and any summaries, copies, abstracts, or other CONFIDENTIAL information derived therefrom, in whole or in part, shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

9. CONFIDENTIAL MATERIAL which is produced in accordance with this paragraph, and pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff of such counsel), and to the "QUALIFIED PERSONS" designated below:

a. the parties to this action, except for Confidential material otherwise designated as proprietary as provided for herein;

b. attorneys for the parties and their staff;

c. a party's experts and consultants;

d. WebRegPro and its attorneys;

e. any other person as to whom the parties in writing agree;

f. any other person as ordered by the Court.

10. No copies, summaries or abstracts of any confidential material shall be distributed to or used by persons other than "QUALIFIED PERSONS" as defined in this Stipulation and the Protective Order. Confidential material made available to qualified persons shall not be copied

Case 3:05-cv-03614-MHP Document 23 Filed 10/10/2005 Page 7 of 12

or otherwise reproduced by such persons without written approval of counsel for both parties or pursuant to Court order.

11. Prior to receiving any CONFIDENTIAL MATERIALS, each QUALIFIED PERSON shall be provided a copy of this Order and shall execute a non-disclosure agreement in the form of Attachment A.

12. Depositions referring or relating to confidential material shall be taken only in the presence of QUALIFIED PERSONS, unless agreed to in writing by the parties or as ordered by the Court.

13. Nothing herein shall impose any restrictions on the use or disclosure by a party of material independently obtained by such party whether or not such material is also obtained by such party as Confidential Materials under this Stipulation and Order.

14. In the event that the parties submit to the Court for any purpose, including trial, any document or other information which has been designated confidential material under the provisions of this Stipulation and the Protective Order, the documents shall be labeled "CONFIDENTIAL - SUBJECT TO COURT ORDER." and shall be filed under seal.

15. If any CONFIDENTIAL MATERIALS are used in any court proceeding, the party using said materials shall take all reasonable steps to maintain its confidentiality during such use.

16. This Order shall be without prejudice to the rights of any party to bring before the Court at any time the question of whether any particular document or information is CONFIDENTIAL or whether its use should be restricted.

17. Nothing in this Order or the production of any information or documents under the terms of this Order shall be deemed to be an admission or waiver by any party.

18. Upon termination of this case and demand of counsel for the parties, any other party shall assemble and return to the producing party all documents, material, and deposition transcripts designated as CONFIDENTIAL, and all copies of same, or shall certify the destruction thereof.

///

19. The provisions of this Stipulation and Protective Order, insofar as they restrict the communication and use of confidential material produced hereunder or information obtained from such confidential material shall continue to be binding after the conclusion of this litigation.

20. Any violation of the Protective Order shall be punishable by contempt of Court and such additional and further remedies as may be available.

We hereby agree to the above Stipulation:

Dated: 9-22-05

SEYFARTH SHAW LLP

By: ______________________

Patricia H. Cullison
Kamili Williams Dawson
Attorneys for Plaintiff
Action Motivation, Inc.

Dated:

ROBINSON & WOOD

By: ______________________

Chris Nielsen
John Winchester
Attorneys for Defendant
Chad Ammon

Dated:

CREECH, LIEBOW & KRAUS

By: ______________________

Edward Kraus
Randall Creech
Attorneys for Interested Party
WebRegPro

///

///

///

///

///

///

19. The provisions of this Stipulation and Protective Order, insofar as they restrict the communication and use of confidential material produced hereunder or information obtained from such confidential material shall continue to be binding after the conclusion of this litigation.

20. Any violation of the Protective Order shall be punishable by contempt of Court and such additional and further remedies as may be available.

We hereby agree to the above Stipulation:

Dated:

SEYFARTH SHAW LLP

By: ______________________
Patricia H. Cullison
Kamili Williams Dawson
Attorneys for Plaintiff
Action Motivation, Inc.

Dated: 9/22/05

ROBINSON & WOOD

By: ______________________
Chris Nielsen
John Winchester
Attorneys for Defendant
Chad Ammon

Dated:

CREECH, LIEBOW & KRAUS

By: ______________________
Edward Kraus
Randall Creech
Attorneys for Interested Party
WebRegPro

///

///

///

///

///

///

19. The provisions of this Stipulation and Protective Order, insofar as they restrict the communication and use of confidential material produced hereunder or information obtained from such confidential material shall continue to be binding after the conclusion of this litigation.

20. Any violation of the Protective Order shall be punishable by contempt of Court and such additional and further remedies as may be available.

We hereby agree to the above Stipulation:

Dated:

SEYFARTH SHAW LLP

By: ______________________________
Patricia H. Cullison
Kamili Williams Dawson
Attorneys for Plaintiff
Action Motivation, Inc.

Dated:

ROBINSON & WOOD

By: ______________________________
Chris Nielsen
John Winchester
Attorneys for Defendant
Chad Arnmon

Dated: SEPTEMBER 22, 2005

CREECH, LIEBOW & KRAUS

By: ______________________________
Edward Kfaus
Randall Creech
Attorneys for Interested Party
WebRegPro

///

///

///

///

///

///

Case 3:05-cv-03614-MHP Document 23 Filed 10/10/2005 Page 11 of 12

I, and all my employees, hereby agree to be bound by the terms and conditions of this agreement and the Order Granting Action Motivation Inc.'s Temporary Restraining Order.

Dated: 9-26-05

MARK MENZ & ASSOCIATES

By ______________________

Mark Menz

IT IS SO ORDERED.

DATED: October 11, 2005

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

Judge Marilyn H. Patel

[MARILYN HA]LL PATEL
[UNITED STATES DISTRICT COU]RT JUDGE

Case 3:05-cv-03614-MHP Document 23 Filed 10/10/2005 Page 12 of 12

**EXHIBIT A**

I have received and reviewed a copy of the Confidentiality Stipulation and Protective Order in the matter *Action Motivation, Inc. v. Chad Ammon*, United States District Court, Case No. C 05-3614 MHP. I agree to abide by the terms of the Confidentiality Stipulation and Protective Order and to be bound by its provisions. I will protect the confidentiality of documents and information designed as CONFIDENTIAL INFORMATION pursuant to the Confidentiality Stipulation and Protective Order.

Dated: ________________________ ________________________________________

Written Name of Party:________________________________________

A copy of this signed acknowledgment will be maintained by counsel for the Receiving Party.